UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE LUIS QUINTANA CORDERO,

    Petitioner,

v.	Case No.: 2:26-cv-00348-SPC-NPM

FIELD OFFICE DIRECTOR *et al.*,

    Respondents,

_____/

## **OPINION AND ORDER**

Before the Court is Jorge Luis Quintana Cordero's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Quintana Cordero's reply (Doc. 5). For the below reasons, the Court grants the petition.

Quintana Cordero is a native and citizen of Cuba who entered the United States on March 3, 2022. The Department of Homeland Security ("DHS") apprehended him and issued a notice to appear. Later that day, a Border Patrol agent issued a Notice of Custody Determination, which states that Quintana Cordero will be released on his own recognizance and under conditions "pending a final administrative determination in [his] case." (Doc. 5-1 at 10).

On November 20, 2025, Quintana Cordero appeared at an immigration court to seek asylum in his master calendar hearing. At DHS's request and

over Quintana Cordero's objection, the immigration judge dismissed the removal/asylum proceeding. Immigration and Customs Enforcement ("ICE") arrested Quintana Cordero after he left the courtroom and served him with a notice of expedited removal. He remains detained at Alligator Alcatraz. Quintana Cordero claims his detention violates the Fifth Amendment. The respondents argue he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[1]

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225(b)(2) and is not eligible for release or a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented similar issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners

---

[1] Notably, the respondents do not claim Quintana Cordero is detained under 8 U.S.C. § 1225(b)(1).

2

in those cases, § 1225(b)(2) does not mandates Quintana Cordero's detention because he was arrested years after he entered the country.[2]

But unlike those prior cases, § 1226(a) does not authorize his detention either. § 1226 allows the government "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). An immigration judge dismissed the removal proceeding against Quintana Cordero at the government's request. And while the government claims DHS served him with a notice of expedited removal, it does not cite the INA's expedited removal provisions as a basis for his detention. What is more, the INA explicitly excludes from expedited removal noncitizens who—like Quintana Cordero—have lived continuously in the United States for more than two years after being paroled into the country. 8 U.S.C. § 1225(b)(1)(A)(i)–(iii).

Based on the evidence and argument before the Court, no provision of the INA justifies Quintana Cordero's detention. But even if § 1226 did authorize his detention, a bond hearing would be duplicative of prior agency

---

[2] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

action. DHS already issued a custody determination—it found Quintana Cordero would be released on his own recognizance and under conditions. (Doc. 5-1 at 10). The respondents do not claim he violated any of the conditions or otherwise argue why a bond hearing would be appropriate after DHS determined Quintana Cordero should be released.

Accordingly, it is hereby

**ORDERED**:

Jorge Luis Quintana Cordero's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Quintana Cordero within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 2, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4